UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DIANE OLVERA,<br><br>    Plaintiff,<br><br>    v.<br><br>SIERRA NEVADA COLLEGE, et al.<br><br>    Defendants. | 3:08-cv-00355-LRH-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**<br><br>April 18, 2011 |

    This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for sanctions (#72).[1] Plaintiff opposed (#83) and defendants replied (#84). The court has thoroughly reviewed the record and recommends that defendants' motion for sanctions (#72) be granted.

### I. PROCEDURAL HISTORY

    Defendants' motion for sanctions (#72) is the most recent in a series of motions concerning discovery, and a brief history provides context for the present motion. On June 10, 2009, defendants filed an emergency motion to compel discovery responses pursuant to FRCP 37(b) and Local Rule 26-7 to compel the plaintiff to answer questions concerning emails accessed on the plaintiff's work station computer (#26). On that same day, plaintiff filed her own motion for sanctions on the grounds that defendants improperly sought certain of plaintiff's medical records and that they be prohibited from discovering email correspondence that was either irrelevant or privileged (#27). On June 12, 2009, defendants filed a motion to compel request for production of documents because plaintiff failed to provide responses to some requests and reneged on an agreement to respond to another set of requests for production of documents(#30).

    On June 12, 2009, the court held a hearing, and granted defendants' emergency motion (#26),

---

[1]     Refers to the court's docket numbers.

1   denied plaintiff's emergency motion for protective order and sanctions (#27), admonished plaintiff's
2   counsel to conduct himself in a civil manner, and ordered counsel to meet and confer about the
3   remaining discovery disputes (#30). Counsel were unable to resolve the dispute, and on June 29,
4   2009, the court granted defendants' motion to compel, assessed eight hundred dollars ($800.00) in
5   sanctions against plaintiff's counsel, and relevant to the present motion before the court, ordered
6   plaintiff to complete, sign, and provide to defendants' counsel IRS Form 4065 by Monday, July 6,
7   2009 (#38).

8   On February 25, 2010, defendants filed another motion for sanctions against the plaintiff and
9   asked that the court prohibit any evidence of monetary damages for willful failure to comply with
10  the court's order that she complete, sign, and deliver to defendants IRS Form 4065 (#52). The
11  District Court referred the motion to this court, and it was set for hearing on April 9, 2010 (#61).
12  The court granted defendants' motion in part and ordered that plaintiff's counsel provide the
13  completed, signed IRS Form 4065 to defendants' counsel by April 16, 2010, admonishing plaintiff's
14  counsel that this was the same information the court had ordered plaintiff to provide in June 2009
15  (#62). The court awarded attorney's fees and costs to defendants for the preparation of the motion
16  and reply and directed defendants' counsel to provide an itemization of fees and costs, after which
17  the court would issue an order concerning the amount of the sanctions to be awarded. *Id.*
18  Thereafter, the court awarded $1,831.50 and directed plaintiff to pay this sum within thirty days of
19  the date of the order (#68).

20  Plaintiff failed to pay the sanction award, despite repeated requests that she do so (#72).
21  This brings the court to the present motion.

## II. DISCUSSION & ANALYSIS

23  Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that sanctions may be
24  ordered for a party's failure to obey a discovery order, including orders under Rule 26(f), 35, or
25  37(a). The range of sanctions include the following:

26      i)    Directing that the matters embraced in the order or other designated facts be taken as established for the purpose of the
27          action, as the prevailing party claims;
    ii)   prohibiting the disobedient party from supporting or opposing
28          designated claims or defenses, or from introducing designated

2

```
             matters into evidence;
       iii)  striking pleadings in whole or in part;
       iv)   staying further proceedings until the order is obeyed;
       v)    dismissing the action or proceeding in whole or in part;
       vi)   rendering a default judgment against the disobedient party; or
       vii)  treating as contempt of court the failure to obey any order
             except an order to submit to a physical or mental examination.
```

It is undisputed that despite being ordered to do so on June 9, 2010, plaintiff has failed to pay the fees and costs awarded to defendants. In response, plaintiff's counsel discloses that she is financially unable to pay the sanctions and that she is suffering from medical problems that have exacerbated her financial problems (#83). However, plaintiff offers no declaration or other admissible evidence in support of her claim that she is unable to pay the sanctions.

The court has these observations. First, the court listened to the tape recording of the April 9, 2010 hearing and is convinced that although the plaintiff herself initially resisted providing the IRS Form 4065, she ultimately did so. However, the form was incomplete, and it was plaintiff's counsel who repeatedly ignored defendants' counsel's requests that plaintiff properly complete and sign the form again. It was plaintiff's counsel's conduct that ultimately led to the sanctions award, although the order states that "plaintiff" shall pay the sanction. Given the court's remarks at the hearing and plaintiff's counsel's concerns about her client's financial and medical problems, it makes sense that counsel would have paid the sanctions if the plaintiff could not.

Second, plaintiff provides no admissible evidence that she lacks the resources to pay the sanctions or that her medical condition has contributed to her inability to abide by the court's order. Plaintiff asks defendants and the court to respect "her precarious position," and not to "punish her for her poor health and the financial crisis to which the actions of the Defendant has contributed," but provides no evidentiary support. Third, the plaintiff and/or her attorneys have elected to ignore the court's order, as opposed to seeking relief from the order on account of the plaintiff's financial and medical problems. Predictably, their conduct has drawn yet another motion for sanctions.

Rule 37(b)(2)(A) provides a wide array of sanctions for failure to comply with a court order, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed.R.Civ. P. 37(b)(2)(A)(ii). The court concludes that such a sanction is proper in this instance, but will give plaintiff one final

opportunity to pay the sanction award in full within twenty days of this order. If plaintiff fails to pay the sanction award in full, the court recommends that she be prohibited from supporting a claim for monetary damages at trial.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court recommends that defendants' motion for sanctions (#72) be **GRANTED** as described above. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for sanctions (#72) be **GRANTED** as follows:

1. Plaintiff shall have twenty days from the date the District Court approves of and adopts this Report and Recommendation to pay the sanction award to defendants' counsel in the amount of $1,831.50. If payment in full is made, there will be no further sanctions.

2. If plaintiff fails to pay the full amount of the sanction within twenty days from the date the District Court approves of and adopts this Report and Recommendation, plaintiff shall be prohibited from offering any evidence, or making any claim for damages in this action.

**DATED:** April 18, 2011.

_____
UNITED STATES MAGISTRATE JUDGE